**FILED**

**10/05/2020**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEFFREY ALLEN ROWE,
   Plaintiff,

vs.

THE GEO GROUP, INC.;
C.O. ABROMOWITZ;
C.O. SHANK;
CWM CHRISTOPHER LONG;
CWM R. JACKSON; CAPT. GARD;
CWM JONES; CAPT. THOMPSON;
J. FRENCH, Assistant Warden; et al.,
   Defendants.

Case No. 1:20-cv-2598-SEB-DML

### VERIFIED CIVIL RIGHTS COMPLAINT
"Demand For Jury Trial."

### I. Introduction:

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983, alleging violations of the First and Eighth Amendments of the United States Constitution, and a breach of settlement agreement. Plaintiff seeks compensatory and punitive damages.

### II. Parties:

1. Plaintiff, Jeffrey Allen Rowe, IDOC # 116017, is currently incarcerated at the Indiana State Prison, 1 Park Row, Michigan City, Indiana 46360. However, at the times relevant to the Plaintiff's claims, Plaintiff was incarcerated at the New Castle Correctional Facility ("NCCF"), 1000 Van Nuys Road, New Castle, Indiana 47362.

2. Defendant, The GEO Group, Inc., is a private corporation that the Indiana Dept. of Correction has contracted to staff and oversee the security operations at NCCF. It is headquartered at: 621 NW 53rd Street, Ste. 700, One Park Place, Boca Raton, Florida 33487. Hereinafter, the GEO Group, Inc. is "GEO Group."

3. Defendants, C.O. Abromowitz, C.O. Shank, CWM Christopher Long, CWM R. Jackson, CWM Jones, Capt. Gard, Capt. Thompson, and Assistant Warden J. French were, at the times relevant to Plaintiff's claims against them, employees of GEO Group at NCCF.

Page 1 of 7

4. At the times relevant to Plaintiff's claims, the Defendants were acting under color of state law.

### III. Jurisdiction & Venue:

5. This Court has jurisdiction to hear and decide the Plaintiff's First and Eighth Amendment claims under 28 U.S.C. §§ 1331(a) and 1343(a)(3).

6. This Court has supplemental jurisdiction to hear and decide Plaintiff's state tort breach-of settlement agreement claim under 28 U.S.C. § 1367(a).

7. Venue is proper under 28 U.S.C. § 1391(b)(1), (2) because both: (a) all of the Defendants reside/work in the Southern District of Indiana; and (b) the events complained about herein occured in the Southern District of Indiana.

### IV. Factual Allegations:

### A.   Terms of The Settlement Agreement

8. In December 2018, Plaintiff partially settled a lawsuit in this Court under Cause No. 1:17-cv-03288. That settlement was for claims Plaintiff had against GEO Group, R. Jackson, Capt. Thompson and Capt. Gard concerning an alleged retaliatory refusal to hire Plaintiff for a job he had been promised.

9. The relevant terms of the settlement agreement required a monetary settlement and an agreement to both: (a) hire Plaintiff for a kitchen/food service job; and (b) Giving Plaintiff preferential consideration for the pod representative job that was to be opening up a few months after the settlement. In return for that, Plaintiff agreed to dismiss his claims with prejudice.

10. Roughly, during the last week of December, 2018, the Plaintiff was given the agreed upon kitchen/food service job, and roughly in January, 2019, Plaintiff received the monetary amount agreed upon in the settlement agreement. (NOTE: The Plaintiff doesn't remember the exact dates he received his food service job and money. But, its only important that he received them in December 2018 and/or January 2019).

### B.   Plaintiff's Cell Was Destroyed/Searched, In Violation Of The First And Eighth Amendments.

11. On or about December 30, 2018, Defendant Abramowitz came to Plaintiff's cell and had Plaintiff, and his cellmate,

Page 2 of 7

James F. Griffith, step out in front of it so that Defendant Abromowitz could "search" or "shake down" their cell. During the "search" or "shake down," the cell door was cracked open, allowing Plaintiff and his cellmate to hear what was going on, and since Plaintiff and his cellmate were only a few feet away from their cell door, they could see in their window to what was going on in their cell.

12. Defendant Abromowitz's "search" of the Plaintiff's cell on or about December 30, 2018, was very aggressive and destructive. He litterally picked up and dumped out all the property Plaintiff and his cellmate had, all over the floor, and then dumped/poured their coffee out all over their paperwork and property. Plaintiff and his cellmate heard Defendant Shank come over the cell's intercom and tell Defendant Abromowitz to "tear their shit up! They are the ones who file grievances!" at least two or three times, and Defendant Abromowitz responded "I am!"

13. The cell "search" or "shakedown" on or about December 30, 2018, was solely for the purpose of harassing and retaliating against the Plaintiff and Plaintiff's former cellmate. As such, the "search" or "shakedown" violates the First and Eighth Amendments of the United States Constitution.

   C.   Plaintiff Was Fired From His Kitchen/Food Service Job, In violation of The First Amendment.

14. After several minutes of watching Defendant Abromowitz destroy Plaintiff's cell/property (on or about December 30, 2018), and listening to Defendants Abromowitz and Shank talking about it, Plaintiff very calmly walked the few feet to the cell door, opened it a few inches, and calmly said "I'm not mad that you're tearing my stuff up. I just hope you don't get mad when you get served paperwork about it." Plaintiff then calmly put the door back to being just cracked open, and walked back to where he was originally standing during the cell "search" or "shake down." Plaintiff did not threaten anyone or use vulgarity.

15. Defendant Abromowitz had Defendant Long fire the Plaintiff from his kitchen/food service job on December 31, 2018, based on the incident described in paragraph 14 above. Defendant Long's "Offender Evaluation And Performance Report" for that firing gave Plaintiff false negative traits,

and falsely accused Plaintiff of displaying "aggressive vulgar language towards staff."

16. The Plaintiff had a First Amendment right to say what he said, mentioned in paragraph 14 above, and the firing of Plaintiff from his kitchen/food service job based on that speech, as described in paragraph 15 above, is retaliation, in violation of Plaintiff's First Amendment speech rights.

### D. Plaintiff Was Harassed And Put At Risk, In Violation Of The First And Eighth Amendments.

17. On December 31, 2018, or during the first week of January, 2019, after Plaintiff and his former cellmate complained to the other day shift Sergeant (meaning the Sergeant that oversaw the shift that Defendant Abromowitz did not usually work), about what occured to their cell and property on or about December 30, 2018, a few minutes later, Defendant Abromowitz showed up at the Plaintiff's cell door and threatened Plaintiff and his cellmate with making their lives difficult if they continue to complain or file paperwork about him.

18. About a week or two after the events described in paragraph 17 above, Defendant Abromowitz came back to Plaintiff's cell and told Plaintiff and his cellmate that they better not file paperwork on him or he'd shakedown everyone on the upper range (i.e., every prisoner that went to recreation with Plaintiff and his cellmate). Then, he walked away, and as he was walking down the range, he yelled out to everyone in Plaintiff housing pod, "When I shake you down, thank those in cell M1-208" which was where Plaintiff and his cellmate was housed.

19. Defendant Abromowitz's comments made directly to Plaintiff and his former cellmate, as described in paragraphs 17 and 18 above, was harassment and was meant to intimidate Plaintiff into not filing "paperwork" on Defendant Abromowitz. Additionally, his yelling out to the other prisoners to "thank" Plaintiff and his cellmate for shakedowns put Plaintiff at a substantial risk of serious harm from other prisoners, and was meant to intimidate Plaintiff into not filing "paperwork" against him.

20. Defendant Abromowitz's actions, described in paragraphs 17-19 above, was anticipatory retaliation, which violates the

Page 4 of 7

First Amendment of the United State's Constitution.

21. Defendant Abromowitz's yelling out to other prisoners to "thank" Plaintiff for "shakedowns" put Plaintiff at a substantial risk of serious harm from other prisoners, and amounts to deliberate indifference, in violation of the Eighth Amendment.

E. Plaintiff Was Not Hired For The Pod Representative Job when It Became Open, In Violation Of The First Amendment.

22. As indicated in paragraph 9 above, the settlement agreement in part required that Plaintiff be given preferential consideration for the pod representative job when it became open.

23. In May or June, 2019, without speaking to Plaintiff to find out Plaintiff's qualifications for the pod representative job, Defendant Jones told another offender (who went by the name "Earnie") that he was getting the job, and had the pod representative that was getting ready to go home (i.e. offender Charles Branson) "train" Earnie.

24. Plaintiff was/is as qualified for the pod representative job as Earnie was, and Earnie was given the job over the Plaintiff based on the fact that Plaintiff files grievances, files lawsuits, and helps others file grievances and lawsuits. Such is retaliation, in violation of the First Amendment.

25. Defendant French was informed in writing once before paperwork was put in to give Earnie the job, and once after the paperwork was put in to give Earnie the job that Plaintiff had not been given "serious consideration" for the pod representative job, as agreed up, and she refused to take action to ensure that Plaintiff be given the requisite preferential consideration. Such was done because Plaintiff files grievances/lawsuits and helps others to do so, and is retaliation, in violation of the First Amendment.

F. The Settlement Agreement Was Breached.

26. Defendants GEO Group, Capt. Thompson, Capt. Gard, and R. Jackson breached at least the spirit, if not the letter of the settlement agreement when (a) Plaintiff was fired from his kitchen/food service job less than a week after Plaintiff was given it; and (b) Plaintiff was not given serious or preferential consideration for

the pod representative job

    G.   Defendants Intentionally Violated Plaintiff's Constitutional And Contractual Rights.

    27. Defendants deliberately violated Plaintiff's First and Eighth Amendment or Settlement Agreement/ Contractual rights, or acted with reckless disregard for the same.

## V. Administrative Remedies:

    28. Plaintiff exhausted available administrative remedies for the claims brought in this action, prior to bringing this action.

## VI. Jury Demand:

    29. Plaintiff respectfully requests a trial by jury as to all so triable issues.

## VII. Conclusion:

    Plaintiff asks the Court to Grant him the following relief:

    30. A declaratory judgment, declaring that Defendants violated Plaintiff's rights under the United States Constitution and the Settlement Agreement.

    31. Compensatory and Punitive damages in an amount to be determined by a jury.

    32. Nominal damages in the amount of $1.00.

    33. All costs of bringing and litigating this case.

    34. All other relief the court deems just, proper and equitable in the premises.

Respectfully Submitted,

DATED: 9/30/2020
      MM / DD / YY

Plaintiff, Pro-se.
Jeffrey Allen Rowe #116017
Indiana State Prison
1 Park Row
Michigan City, IN 46360

Page 6 of 7

## VERIFICATION

I, Jeffrey Allen Rowe, affirm under penalty of perjury that the foregoing representations are true and accurate.

DATED: 9 / 30 / 2020
      MM/DD/YY

                          Affiant

Page 7 of 7