UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02598-SEB-KMB |
| | ) | |
| ABRAMOWITZ, | ) | |
| MICHAEL SCHENK, | ) | |
| CHRISTOPHER LONG, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART MOTION TO COMPEL

Plaintiff Jeffrey Allen Rowe seeks to compel production of video footage or, in the alternative, sanctions for spoliation of evidence. [Dkt. 63.] Defendants oppose Mr. Rowe's motion. [Dkt. 64.] At a recent Telephonic Status Conference, the Court heard additional argument from the Parties on Mr. Rowe's pending motion and then kept it under advisement. [Dkt. 79.] For the reasons explained below, the motion is now **GRANTED IN PART**. [Dkt. 63.]

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Relevance is broadly construed in discovery matters. The Rule further provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Parties may seek a court order to compel discovery if an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3).

Through his motion, Mr. Rowe specifically seeks video footage of the following:

1) M1 pod on December 30, 2018, between 3:00 p.m. and 5:50 p.m.

1

    2) M1 pod on December 31, 2018, between 6:00 a.m. and 6:00 p.m.

    3) Defendant Abramowitz on December 31, 2018, from between 3:00 p.m. and 4:30 p.m.
[Dkt. 63 at 1-2.]

    Mr. Rowe argues that he timely requested preservation of the videos. He explains that in a letter dated January 6, 2019, he requested preservation of most of the video footage at issue. He noted that the video was relevant to the claims he intends to bring in a lawsuit. In addition, he asked Defendant Long to preserve the video on December 30 and 31, 2018, for future litigation. [*See* Requests for Interview dated December 30, and 31, 2018, dkt. 63-1 at 9-10, 13 and 15]. Finally, Mr. Rowe requested that the video be saved for future litigation in a grievance dated January 2, 2019. [Dkt. 63-1 at 11, 14.]

    In response, the Defendants argue that Mr. Rowe is asking them to "provide nonexistent evidence" because the 2018 video footage "was not maintained, as it is regularly written over." [Dkt. 64 at 1.] They emphasize that "the response from the facility clearly stated to Plaintiff that the person he put on notice did not have access to cameras." [Dkt. 64 at 1.] Moreover, even if the video existed, they represent that it would not have audio and, thus, "there is no plausible use of a video." [Dkt. 64 at 1.]

    The Court concludes that Mr. Rowe's efforts to notify prison officials that the videos needed to be preserved were sufficient. "The duty to preserve begins at the time an inmate files a grievance with the correctional facility and/or formally submits a request for preservation of evidence by way of submission of an Indiana Department of Correction Request for Interview, whichever may occur first. After that date, all information, to include video evidence, that could be potentially relevant to the inmate's claims MUST BE PRESERVED." *See Griffith v. Brannick*, No. 1:17-cv-00194-TWP-MJD, 2019 WL 1597948, at *6 (S.D. Ind. Apr. 15, 2019).

In response to Mr. Rowe's grievance, however, a former unit manger stated in relevant part, "Unfortunately, the camera footage only shows Rowe being shaken down, as per IDOC policy of random shakedowns (8) a shift and does not offer audio. There is no way to confirm or refuse Rowe's claims as Abramawitz [sic] is no longer a GEO employee. I am not able to pull up video footage from this time to even confirm Abramawitz [sic] shook Rowe down." [Dkt. 63-1 at p 16-17.] This response is confusing as it suggests both that the footage shows the shake down and that the relevant video was unavailable at the time the grievance was reviewed.

Counsel for Defendants has represented that the video recordings sought by Mr. Rowe do not exist, and the Defendants cannot produce evidence they do not have. At the February 10, 2023, status conference, counsel explained that he reached this conclusion because he asked the litigation liaison at the prison to produce everything available. However, counsel "cannot delegate [his] discovery obligations to the prison's litigation liaison." *Littler v. Martinez*, No. 2:16-cv-00472-JMS-DLP (S.D. Ind.), Dkt. 345 at 58.

Mr. Rowe's Motion to Compel, **[**dkt. 63], is **GRANTED IN PART,** to the extent that the Defendants shall have **through March 14, 2023**, to either produce the video to Mr. Rowe or, if they cannot, to file a report confirming specific efforts taken to locate the video and an explanation for why it cannot be produced, if known.

Mr. Rowe's request for a spoliation instruction is **DENIED** and the Court declines to issue further sanctions at this time. "[W]hen a party intentionally destroys evidence in bad faith, the judge may instruct the jury to infer the evidence contained incriminatory content." *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013). When considering the propriety of such an adverse inference instruction, "[t]he crucial element is not that the evidence was destroyed but rather the reason for the destruction." *Id.* at 1019 (citing *Park v. City of Chicago*, 297 F.3d 606, 615 (7th

3

Cir. 2002)). A party destroys a document in bad faith when it does so "for the purpose of hiding adverse information." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008) (internal citations omitted). Here there is no suggestion that any of the named Defendants destroyed the video. Without proof of their personal involvement in any destruction, no adverse inference is warranted. *Bentz v. Lindenberg*, 854 F. App'x 55, 58 (7th Cir. 2021).

    SO ORDERED.

    Date: 2/27/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
INDIANA STATE PRISON
INDIANA STATE PRISON
MICHIGAN CITY, IN 46360
Electronic Service Participant – Court Only

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com